UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LINDA MCKINNEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-CV-00335 |
| | ) |
| **SUPER BOWL PHO LLC** | ) |
| **and LEO NGUYEN** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff, Linda McKinney ("McKinney"), by counsel, brings this action against Defendants Super Bowl Pho LLC ("Super Bowl Pho") and Leo Nguyen ("Nguyen")(together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq.*, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

## PARTIES

2. McKinney is an individual who resides in Hamilton County, Indiana. Defendants have employed McKinney within the three-year period preceding the filing of this Complaint. McKinney is an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Super Bowl Pho is an Indiana domestic limited liability company that owns and operates a restaurant located in Westfield, Indiana. Super Bowl Pho acted, directly or indirectly, in the interest of an employer with respect to McKinney. Super Bowl Pho is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Nguyen is an owner, member, and/or officer of Super Bowl Pho.  In this capacity, Nguyen is involved in the day-to-day business operations of Super Bowl Pho.  Nguyen exercised operational control over Super Bowl Pho and controlled significant business functions of Super Bowl Pho.  At all relevant times, Nguyen acted and had the responsibility to act on behalf of, and in the interests of Super Bowl Pho in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint.  Nguyen is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because McKinney has asserted a claim arising under federal law.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Venue is appropriate in the Southern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

## COVERAGE

7. At all times hereinafter mentioned, McKinney was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## **FACTS**

10. Defendants own and operate a restaurant in Westfield, Hamilton County, Indiana known as Super Bowl Pho.

11. For the entirety of her employment, McKinney has worked for Defendants as a server.

16. Defendants have employed McKinney off-and-on during the three-year period prior to the filing of this Complaint. In approximately November 2017, Defendants hired McKinney back and she continued her work as a server.

17. When McKinney was hired back in approximately November 2017, Defendants began paying McKinney a salary of $400.00 per week. Defendants promised McKinney that after her first two months, Defendants would begin paying McKinney a salary of $500.00 per week.

18. Since being hired back by Defendants in approximately November 2017, McKinney has worked a set work schedule each week that totals fifty-five (55) hours worked by McKinney per week.

19. McKinney was not exempt from the overtime provisions of the FLSA.

20. McKinney regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required

by the FLSA.  Specifically, Defendants have paid no overtime premium to McKinney for her fifteen (15) overtime hours worked each week.

21. Defendants knew that McKinney regularly worked overtime hours.

22. Defendants' conduct in not paying McKinney overtime compensation at the rate required under the FLSA was willful and in bad faith.

### COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. McKinney hereby incorporates by reference paragraphs 1-22 of his Complaint.

24. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing McKinney for workweeks longer than forty hours without compensating McKinney hours for her employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which she was employed.  Defendants have acted willfully, or with reckless disregard, in failing to pay McKinney in accordance with the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Linda McKinney demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime compensation due to McKinney and for liquidated damages in an amount equal to the unpaid overtime compensation found due to McKinney;

b. An Order awarding McKinney her attorneys' fees and costs of this action; and

c. An Order granting such other and further relief as may be necessary and appropriate.

                              <u>/s/ Robert J. Hunt</u>
                              Robert J. Hunt, (#30686-49)
                              3091 E. 98th Street, Suite 280
                              Indianapolis, Indiana 46280
                              Telephone:   (317) 743-0614
                              Facsimile:    (317) 743-0615
                              E-Mail:         rob@indianawagelaw.com

                              Attorney for Plaintiff